DUCKTOWN SULPHUR, COPPER & IRON CO., Limited, v. FORTNER.

(Circuit Court of Appeals, Sixth Circuit.  December 14, 1915.)

No. 2658.

1. MASTER AND SERVANT ☾⟂286—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.
   Where plaintiff was injured by the sudden lowering or falling of an elevator or cage in the shaft of a mine, raised and lowered by an engine, and the employer's apparatus and rule, if used and followed, provided an efficient safeguard against such an accident, if plaintiff and a fellow servant or both had not disregarded such rule, but additional apparatus easily installed, or additional rules, would have supplied a further safeguard and prevented such an accident, unless the operator's carelessness had also increased to an improbable point, the case was properly submitted to the jury.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☾⟂286.]

2. APPEAL AND ERROR ☾⟂928—RESERVATION OF GROUNDS OF REVIEW—PRESUMPTIONS IN SUPPORT OF JUDGMENT.
   In the absence of any exception to the charge, it must be presumed, on appeal in an employé's action for injuries, that it correctly defined the employer's duty to provide reasonably safe, but not the safest, apparatus and rules of operation, and made clear how far, if at all, plaintiff might be exonerated from contributory negligence and from having assumed the risk.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. ☾⟂928.]

In Error to the District Court of the United States for the Southern Division of the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by T. S. Fortner against the Ducktown Sulphur, Copper & Iron Company, Limited, for personal injuries caused by the sudden lowering or falling of an elevator or cage raised and lowered in the shaft of a mine by means of an engine.  Judgment for plaintiff, and defendant brings error.  Affirmed.

W. B. Miller, of Chattanooga, Tenn., for plaintiff in error.

James B. Cox, of Johnson City, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

DENISON, Circuit Judge.  [1, 2] Error to reverse judgment for plaintiff for a personal injury.  The only substantial question is whether there was any case for the jury.  The company's apparatus and rule, if used and followed, provided an efficient safeguard against such an accident as did happen; but a fellow servant or plaintiff, or both, disregarded this rule.  Additional apparatus, easily installed, or additional rules, would have supplied a further safeguard and would have prevented such an accident, unless the operator's carelessness had also increased to an improbable point.  Lacking exception thereto, it must be presumed that the charge correctly defined the duty of the com-

pany to provide reasonably safe, but not the safest, apparatus and rules of operation, and made clear how far, if at all, plaintiff might be exonerated from contributory negligence and from having assumed that risk which came from the lack of the safer methods.

We cannot say that there was nothing substantial for the jury, on these issues.