MEERS & DAYTON v. CHILDERS.

(Circuit Court of Appeals, Sixth Circuit, January 10, 1916.)

No. 2677.

1. MASTER AND SERVANT ☞286—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action for injuries to a carpenter's helper, caused by the collapse of a so-called scaffold upon which from 1,500 to 2,000 feet of lumber were piled, evidence as to the employer's responsibility for the character of

materials used in the scaffold *held* to justify the submission of the case to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

2. TRIAL ☞178—MOTION FOR DIRECTED VERDICT—CONSIDERATION OF EVIDENCE.

On a motion by defendant to direct a verdict, it is the court's duty to take that view of the evidence most favorable to plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. ☞178.]

3. APPEAL AND ERROR ☞994—REVIEW—QUESTIONS OF FACT.

The Circuit Court of Appeals cannot pass upon the credibility of witnesses, as the demeanor of the witnesses necessarily has much to do with the question of their credibility, and the jury and trial judge have the advantage of seeing and hearing the witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. ☞994.]

4. MASTER AND SERVANT ☞226—LIABILITY FOR INJURIES—CONCURRING NEGLIGENCE.

That an employé's injuries were in part due to the negligence of his fellow servants does not defeat a recovery against the employer, whose negligence concurred with that of the fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. ☞226.]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by Albert Childers against Meers & Dayton. Judgment for plaintiff, and defendants bring error. Affirmed.

J. C. Wilson and W. P. Armstrong, both of Memphis, Tenn., for plaintiffs in error.

M. J. Anderson and Ike W. Crabtree, both of Memphis, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. Defendant in error brought an action for personal injuries against plaintiffs in error, and recovered a verdict of $3,500, which, upon an accepted order of remittitur, was reduced to $2,000 and judgment was entered accordingly. We shall speak of Childers as plaintiff, and Meers & Dayton as defendants. At the close of the testimony offered on both sides, the defendants upon specific grounds moved that a verdict be directed in their favor. The motion was denied, and exception reserved. Error is prosecuted upon assignments which are treated by all the counsel as presenting simply the question whether the record discloses any evidence that entitled plaintiff to have the case submitted to the jury. The charge of the court does not appear in the record, and for the reason, as counsel agree, that no exception was taken to it. It must therefore be assumed that the court rightly instructed the jury in respect of each of the is-

sues. Upon motion of defendants for a new trial (which, in addition to the grounds contained in the motion to direct a verdict, stated that there was "no evidence to support the verdict"), arguments were heard, and relief was denied except in reduction of damages. The jury, under proper instructions, and also the trial court, upon the motion, were thus required to weigh the testimony; and this court is asked to hold that there was no substantial evidence for submission to the jury.

[1] One of the issues in substance was whether, in view of the dimensions and the use made of the particular structure in question, called a "scaffold," the defendants were primarily responsible for the character of materials it comprised. At the time of the injury the defendants were engaged in the erection of concrete walls for a power house in the city of Memphis, and plaintiff was in their employ as a carpenter's helper and in other kinds of work about the plant. Evidence was introduced tending to show, among other things, that the so-called scaffold, which was built on a hillside and adjoining a concrete wall then in course of construction, was composed of pine lumber, 2x6, and was 28 feet long and 12 feet wide, with one end 4 feet and the other 8 feet above the ground; that it was built by a carpenter with whom plaintiff was accustomed to work, and from 1,500 to 2,000 feet of lumber was piled upon the structure, while plaintiff was absent from the plant; that shortly afterwards, and while plaintiff was assisting the carpenters in the construction of the wooden form which was designed temporarily to hold the concrete, he was directed to hand a plank from the so-called scaffold to the carpenters. He either "swung down" with his hands or climbed down a ladder to the structure, when the structure gave way at the end nearest the ground and caused his injuries.

The evidence in several ways tends to show that this structure was not the ordinary scaffold which is constructed from time to time for the temporary accommodation of workmen and materials as the work progresses. Indeed, one of the defendants, Meers, testified in reference to the structure that it was "not exactly what I term a scaffold," and further that as the carpenters—

"built the forms they built bracing and put boards on them and used that as a scaffold. This bracing, boards and scaffold was put up by the carpenters for their own convenience and was erected whenever the carpenters thought it was necessary."

And defendants' "general foreman," who, as he testified, was "bossing the men and directing the work," described the structure as a "scaffold or platform." A witness, who assisted in piling the lumber upon the structure, testified that this foreman "was there all the time," and that he told the witness to "put the lumber up there." The structure gave way by reason of an obvious defect in one of its sustaining parts. The cross-piece at the end nearest the ground contained a knot which extended across the entire width of the piece, and the piece broke at this knot. Meers' knowledge of the structure appears from his statement that it was not a "scaffold," and the evidence tending to show the general foreman's presence and his order to load the structure with the apparently large quantity of lumber that was placed upon it would seem fairly to have justified an inference that defendants intended the

structure to be used for that purpose and also as a safe place for such employés as might be required to enter upon it.

[2-4] It is not necessary further to state the tendency or effect of the evidence; for, upon the motion to direct, it was the duty of the court to take that view of the evidence which was most favorable to the plaintiff. We cannot, as counsel seem to think, pass upon the credibility of any of the witnesses. Rochford v. Pennsylvania Co., 174 Fed. 81, 83, 98 C. C. A. 105 (C. C. A. 6th Cir.); Byers v. Carnegie Steel Co., 159 Fed. 347, 350, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214 (C. C. A. 6th Cir.). The demeanor of witnesses necessarily has much to do with the question of their credibility; the jury has the advantage of seeing and hearing the witnesses; the judge, presiding at the trial, carries the same advantage with him when subsequently passing upon a motion for a new trial; a reviewing court cannot disregard such an advantage as this. We are unable to say upon this record that there was no substantial evidence to submit to the jury. Ducktown Sulphur, Copper & Iron Co. v. Fortner, 228 Fed. 191, —— C. C. A. ——, decided December 14, 1915; and see Casey-Hedges Co. v. Oliphant, 228 Fed. 636, —— C. C. A. ——, decided January 4, 1916. The theory of the argument presented for defendants is that the instant case is like Noble v. C. Crane & Co., 169 Fed. 65, 94 C. C. A. 423. (C. C. A. 6th Cir.), and cases of that class; but we cannot think the cases relied on are controlling here. It is of no importance that plaintiff's injuries were in part due to negligence of his fellow servants; for we feel bound to conclude that there was evidence from which concurring negligence on the part of defendants might reasonably have been inferred, and this is the test of their liability. Kreigh v. Westinghouse & Co., 214 U. S. 257, 29 Sup. Ct. 619, 53 L. Ed. 984; Bryson v. Gallo, 180 Fed. 70, 76, 103 C. C. A. 424.

The judgment must be affirmed, with costs.